**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bobby J. Stargel, Employee, Respondent,

v.

Greenwood County, Employer, and SC Association of Counties, Carrier, Appellants.

Appellate Case No. 2011-197306

———————

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

———————

Unpublished Opinion No. 2013-UP-013
Submitted December 3, 2012 – Filed January 9, 2013

———————

**AFFIRMED**

———————

Richard B. Kale, Jr., of Willson Jones Carter & Baxley, P.A., of Greenville, for Appellants.

John R. McCravy, III, of McCravy Newlon & Sturkie Law Firm, P.A., of Greenwood, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) erred in finding Employee suffered an injury by accident arising out of and in the course of his employment, we hold the Appellate Panel's decision is supported by substantial evidence: *Houston v. Deloach & Deloach*, 378 S.C. 543, 549, 663 S.E.2d 85, 88 (Ct. App. 2008) (stating an appellate court's review of a decision of the Appellate Panel, pursuant to the Administrative Procedures Act, is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law); *id.* at 550, 663 S.E.2d at 89 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached in order to justify its action."); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 281, 519 S.E.2d 583, 591 (Ct. App. 1999) ("The [Appellate Panel] is the ultimate fact finder in Workers' Compensation cases and is not bound by the [s]ingle [c]ommissioner's findings of fact."); *Sigmon v. Dayco Corp.*, 316 S.C. 260, 262, 449 S.E.2d 497, 498 (Ct. App. 1994) (stating an injury by accident includes "an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental character" (quoting *Stokes v. First Nat'l Bank*, 306 S.C. 46, 49, 410 S.E.2d 248, 250 (1991))); *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 348, 656 S.E.2d 753, 758 (Ct. App. 2007) ("To be compensable, an injury by accident must be one 'arising out of and in the course of employment.'"); *id.* at 349, 656 S.E.2d at 758 ("Whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel."); *McCuen v. BMW Mfg. Corp.*, 383 S.C. 19, 24, 677 S.E.2d 28, 31 (Ct. App. 2009) ("An injury arises out of employment if a causal relationship between the conditions under which the work is to be performed and the resulting injury is apparent to the rational mind, upon consideration of all the circumstances."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 295, 599 S.E.2d 604, 614 (Ct. App. 2004) ("The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury."); *id.* ("A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Appellate Panel.").

2.  As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating if an appellate court's ruling on an issue is dispositive, rulings on remaining issues are unnecessary).

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.