**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Virginia A. Miles, Employee, Appellant,

v.

Waffle House, Inc., Employer, and Brentwood Services, Inc., Carrier, Respondents.

Appellate Case No. 2011-190726

———————

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

———————

Unpublished Opinion No. 2012-UP-552
Submitted August 1, 2012 – Filed October 10, 2012
Withdrawn, Substituted and Refiled January 9, 2013

———————

**AFFIRMED**

———————

Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Weston Adams, III, and Helen F. Hiser, both of McAngus Goudelock & Courie, LLC, of Columbia, and Erroll Anne Y. Hodges, of McAngus Goudelock & Courie, LLC, of Greenville, for Respondents.

———————

**PER CURIAM:**  Virginia A. Miles (Employee) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) finding she failed to prove her alleged injuries arose out of and in the course and scope of her employment with Waffle House, Inc.  On appeal, Employee argues (1) the Appellate Panel erred in finding her injuries arose outside the scope of her employment, (2) the finding of a witness's credibility was arbitrary and capricious, and (3) her injuries arose out of her employment under the sudden emergency doctrine.  We affirm[1] pursuant to the following authorities:

1.      As to whether the Appellate Panel erred in finding Employee's injuries did not arise out of and in the course and scope of her employment: *Houston v. Deloach & Deloach*, 378 S.C. 543, 549, 663 S.E.2d 85, 88 (Ct. App. 2008) (stating that pursuant to the Administrative Procedures Act, an appellate court's review of a decision of the Appellate Panel is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law); S.C. Code Ann. § 1-23-380(5) (Supp. 2011) ("The [appellate] court may not substitute its judgment for the judgment of the [Appellate Panel] as to the weight of the evidence on questions of fact."); *Houston*, 378 S.C. at 550, 663 S.E.2d at 89 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached in order to justify its action."); *McCuen v. BMW Mfg. Corp.*, 383 S.C. 19, 24, 677 S.E.2d 28, 31 (Ct. App. 2009) ("For an injury to be compensable, it must arise out of and in the course of employment." (citing S.C. Code Ann. § 42-1-160(A) (Supp. 2011))); *id.* ("An injury arises out of employment if a causal relationship between the conditions under which the work is to be performed and the resulting injury is apparent to the rational mind, upon consideration of all the circumstances."); *id.* at 24-25, 677 S.E.2d at 31-32 ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation." (citation and quotation marks omitted)); *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 349, 656 S.E.2d 753, 759 (Ct. App. 2007) ("In determining if an accident arose out of and in the course of employment, each case must be decided with reference to its own attendant circumstances."); *Houston*, 378 S.C. at 554, 663 S.E.2d at 91 ("The phrase 'in the course of the employment' refers to the time, place, and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

circumstances under which the accident occurred."); *Wright v. Bi-Lo, Inc.*, 314 S.C. 152, 155, 442 S.E.2d 186, 188 (Ct. App. 1994) ("When an employer limits the sphere of employment by specific prohibitions, injuries incurred while violating these prohibitions are not in the scope of employment and, therefore, not compensable.").

2.      As to whether the Appellate Panel erred in finding a witness credible: *Houston*, 378 S.C. at 551, 663 S.E.2d at 89 ("The appellate court is prohibited from overturning findings of fact of the [A]ppellate [P]anel unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based."); *Hall*, 376 S.C. at 348, 656 S.E.2d at 758 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.").

3.      As to whether Employee's injuries arose out of her employment under the sudden emergency doctrine, the Appellate Panel's factual findings, which are supported by substantial evidence, preclude the application of what Employee calls the "sudden emergency doctrine." *See Hiers v. Brunson Constr. Co.*, 221 S.C. 212, 234-35, 70 S.E.2d 211, 222 (1952).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**