**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin S. Stokes, Employee, Appellant,

v.

Techno Loading Arms, a division of Aluminum Ladder Company, Employer, and Bridgefield Casualty Insurance Company c/o Summit Holdings, Inc., Carrier, Respondents.

Appellate Case No. 2013-000759

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2014-UP-243
Submitted April 1, 2014 – Filed June 25, 2014

---

**AFFIRMED**

---

John W. Bledsoe, III, of Bledsoe Law Firm, LLC, of Hartsville, for Appellant.

Nicolas Lee Haigler, of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Kevin S. Stokes appeals an order from the Appellate Panel of the Workers' Compensation Commission (Appellate Panel), arguing the Appellate

Panel erred in finding (1) he failed to prove he suffered an injury by accident as defined by the Workers' Compensation Act and (2) he failed to prove he suffered an aggravation of a pre-existing condition. Because substantial evidence supports the Appellate Panel's decision, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Appellate Panel erred in finding Stokes failed to prove an injury by accident: *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel]. An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." (internal citations omitted)); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (internal quotation marks omitted)); *Houston v. Deloach & Deloach*, 378 S.C. 543, 553, 663 S.E.2d 85, 90 (Ct. App. 2008) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel.").

2. As to whether the Appellate Panel erred in finding Stokes failed to prove an aggravation of a pre-existing condition: *Hargrove*, 360 S.C. at 295, 599 S.E.2d at 613-14 ("A work-related accident which aggravates or accelerates a pre-existing condition, infirmity, or disease . . . is compensable unless it is due solely to the natural progression of a pre-existing condition." (internal citations omitted)); *id.* at 295, 599 S.E.2d at 614 ("The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury."); *id.* ("A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Appellate Panel."); *id.* ("Where there is a conflict in the evidence from the same or different witnesses, the [Appellate] Panel's findings of fact may not be set aside.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**