**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William E. Miller, Jr., Employee, Appellant,

v.

Owen Steel Company, Inc., Employer, and Great American Insurance Group c/o Strategic Comp Services, Carrier, Respondents.

Appellate Case No. 2013-001564

_____

Appeal From The Workers' Compensation Commission

_____

Unpublished Opinion No. 2015-UP-096
Submitted December 1, 2014 – Filed February 25, 2015

_____

**AFFIRMED**

_____

John Charles Ormond, Jr., of Holler, Garner, Corbett, Ormond, Plante & Dunn, of Columbia, for Appellant.

Weston Adams, III, and Jason Wendell Lockhart, both of McAngus Goudelock & Courie, LLC, of Columbia; Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant; and M. McMullen of Mullen Taylor, LLC, for Respondents.

_____

**PER CURIAM:** William E. Miller, Jr. appeals an order from the Appellate Panel of the Workers' Compensation Commission (Appellate Panel), arguing the Appellate Panel erred because (1) substantial evidence did not support the Appellate Panel's finding an altercation with another employee caused Miller's injuries and (2) the Appellate Panel made medical determinations with respect to MRI reports and disregarded expert medical opinion with respect to causation. Because substantial evidence supports the Appellate Panel's decision and it did not commit an error of law, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether substantial evidence supported the Appellate Panel's finding an altercation with another employee caused Miller's injuries:  *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("The Administrative Procedures Act (APA) provides the standard for judicial review of decisions by the [Appellate Panel].  An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." (citations omitted)); *id.* ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." (quoting *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009))); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Houston v. Deloach & Deloach*, 378 S.C. 543, 553, 663 S.E.2d 85, 90 (Ct. App. 2008) (explaining whether an injury arises out of the claimant's employment is largely a question of fact for the Appellate Panel); *id.* ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law.").

2.  As to whether the Appellate Panel erred by making medical determinations with respect to MRI reports and disregarding expert medical opinion with respect to causation:  *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) ("Expert medical testimony is designed to aid the Commission in coming to the correct conclusion; therefore, the Commission determines the weight and credit to be given to the expert testimony."); *id.* ("Once admitted, expert testimony is to be considered just like any other testimony."); *id.* ("Thus, while medical testimony is entitled to great respect, the fact finder may disregard it if there is other competent evidence in the record.  Indeed, medical testimony should not be held conclusive irrespective of other evidence." (citation

and internal quotation marks omitted)); *id*. at 341, 513 S.E.2d at 846 ("[I]f medical expert testimony is not solely relied upon to establish causation, the fact finder must look to the facts and circumstances of the case."); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 161, 519 S.E.2d 102, 106 (1999) ("[I]n compensation proceedings, where uncontroverted medical opinions are merely deductions drawn from certain symptoms, the final conclusion remains with the triers of fact.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.