**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanda Joe, Employee, Claimant, Appellant,

v.

SC Department of Disabilities and Special Needs, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2016-002373

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2018-UP-117
Submitted February 1, 2018 – Filed March 21, 2018

**AFFIRMED**

Sydney Lynn, of Joye Law Firm, LLP, of Columbia, for Appellant.

Sarah C. Sutusky and Ashley Kemp Dixon, both of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

**PER CURIAM:** Wanda Joe appeals the Appellate Panel of the Workers' Compensation Commission order, arguing the Appellate Panel erred in (1) giving greater weight to one doctor's medical evaluation report over other reports and (2)

excluding the independent medical evaluation report of another doctor.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1: *Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) ("Pursuant to the [Administrative Procedures Act], this [c]ourt's review is limited to deciding whether the [A]ppellate [P]anel's decision is unsupported by substantial evidence or is controlled by some error of law."); *Holmes v. Nat'l Serv. Indus., Inc.*, 395 S.C. 305, 308, 717 S.E.2d 751, 752 (2011) ("In workers' compensation cases, the [Appellate Panel] is the ultimate fact finder. An appellate court must affirm the findings made by the [Appellate Panel] if they are supported by substantial evidence." (citation omitted)); *Houston v. Deloach & Deloach*, 378 S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the [A]ppellate [P]anel.  Where there are conflicts in the evidence over a factual issue, the findings of the [A]ppellate [P]anel are conclusive." (citations omitted)); *Clark v. Aiken Cty. Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) ("Accordingly, a reviewing court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact.").

2.  As to issue 2: S.C. Code Ann. Regs. 67-612(B)(2) (2012) ("A written expert's report to be admitted as evidence at the hearing must be provided to the opposing party as follows: . . . (2) The non-moving party must provide to the moving party any report not provided by the moving party at least ten days before the scheduled hearing."); S.C. Code Ann. Regs. 67-612(E) (2012) ("Failure to provide reports and notices as required under this section may result in the exclusion of such reports from the evidence of the case.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.