**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Karen M. Duncan, Employee, Appellant,

v.

Eaton Corporation, Employer, and Old Republic Insurance Company, Carrier, Respondents.

Appellate Case No. 2017-001521

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2019-UP-186
Submitted April 1, 2019 – Filed May 29, 2019

**AFFIRMED**

Darren S. Haley, of The Haley Law Firm, LLC, of Greenville, and Willie James Peters, III, of Anderson, both for Appellant.

J. Russell Goudelock, II of McAngus Goudelock & Courie, LLC, of Columbia, and Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mt. Pleasant, both for Respondents.

**PER CURIAM:** Karen Duncan appeals the Appellate Panel of the Workers' Compensation Commission order, arguing the Appellate Panel's decision to give

greater weight to the findings of Dr. Anthony Timms's medical evaluation than to the independent evaluation of Dr. William DeVault in reaching its finding of a 10% disability award was arbitrary and capricious. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) ("Pursuant to the [Administrative Procedures Act], this [c]ourt's review is limited to deciding whether the [A]ppellate [P]anel's decision is unsupported by substantial evidence or is controlled by some error of law."); *Holmes v. Nat'l Serv. Indus., Inc.*, 395 S.C. 305, 308, 717 S.E.2d 751, 752 (2011) ("In workers' compensation cases, the [Appellate Panel] is the ultimate fact finder. An appellate court must affirm the findings made by the [Appellate Panel] if they are supported by substantial evidence." (citation omitted)); *Houston v. Deloach & Deloach*, 378 S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the [A]ppellate [P]anel. Where there are conflicts in the evidence over a factual issue, the findings of the [A]ppellate [P]anel are conclusive." (citations omitted)); *Clark v. Aiken Cty. Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) ("Accordingly, a reviewing court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); *id.* ("While an impairment rating may not rest on surmise, speculation or conjecture . . . it is not necessary that the percentage of disability or loss of use be shown with mathematical exactness." (quoting *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 291, 638 S.E.2d 66, 70 (Ct. App. 2006) (internal quotations omitted))); *id.* at 88, 681 S.E.2d at 601 (holding the Appellate Panel may find an impairment rating different from that suggested by expert testimony).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.