**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randall G. Dalton, Employee, Appellant,

v.

The Muffin Mam, Inc., Employer, and Amerisure Mutual Insurance Company, Inc., Carrier, Respondents.

Appellate Case No. 2022-000090

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2023-UP-164
Submitted April 1, 2023 – Filed April 26, 2023

———————

**AFFIRMED**

———————

Charles Logan Rollins, II, and Carolyn Ashton Atkins, both of HawkLaw, PA, of Spartanburg, for Appellant.

Helen F. Hiser, Allison Cauthen Nussbaum, and John Davis Stroud, all of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** Randall G. Dalton appeals the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) finding he suffered a 25% permanent partial disability to his spine and a 25% permanent partial disability to his shoulder, and awarding him a lump sum of $105,723.00. On

appeal, Dalton argues the Appellate Panel erred by (1) failing to find that a Workers' Compensation claimant can be permanently and totally disabled in spite of nominal or "sheltered" employment; (2) failing to find that he is permanently and totally disabled pursuant to section 42-9-10 of the South Carolina Code (2015); (3) failing to consider the conclusions of the vocational evaluation that found he was incapable of employment at any position other than his "sheltered work" with The Muffin Mam (Employer); (4) determining that he failed to establish that he is permanently and totally disabled pursuant to section 42-9-30(21) of the South Carolina Code (2015) for loss of use of his back exceeding 50%; and (5) determining that he sustained only a 25% disability to his right shoulder and back.[1]  We affirm.

1. We hold the Appellate Panel did not err in finding Dalton was not permanently and totally disabled pursuant to section 42-9-10.  *See Burnette v. City of Greenville*, 401 S.C. 417, 429, 737 S.E.2d 200, 206 (Ct. App. 2012) ("In a workers' compensation case, this court does not have the authority to find facts; that authority belongs to the [Appellate Panel]."); *Clemmons v. Lowe's Home Ctrs., Inc.-Harbison*, 420 S.C. 282, 287, 803 S.E.2d 268, 270 (2017) ("An appellate court's review is limited to the determination of whether the [Appellate Panel's] decision is supported by substantial evidence or is controlled by an error of law."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); § 42-9-10(A) (providing for permanent and total disability "[w]hen the incapacity for work resulting from an injury is total"); *Wynn v. Peoples Nat. Gas Co. of S. C.*, 238 S.C. 1, 11, 118 S.E.2d 812, 817-18 (1961) (stating that "an employee who is capable of performing other work that is continuously available to him will not be deemed totally disabled because he is unable to resume the duties of the particular occupation in which he was engaged at the time of his injury"); *Coleman v. Quality Concrete Prods., Inc.*, 245 S.C. 625, 630, 142 S.E.2d 43, 45 (1965) ("The burden . . . [i]s upon the employee to prove, in accordance

---

[1] Although Dalton sets forth five issues in his Statement of Issues on Appeal, he is ultimately making two arguments: (1) he is entitled to permanent and total disability under section 42-9-10(A) because the combination of his back and shoulder injuries has resulted in a complete loss of earning capacity in the open market; and (2) in the alternative, he is entitled to permanent and total disability pursuant to section 42-9-30(21) because he has lost more than 50% use of his back or, at minimum, his scheduled award should be increased.  Accordingly, we have consolidated the issues for purposes of this opinion.

with the generally acceptable test of total disability, that he was unable to perform services other than those that were so limited in quality, dependability, or quantity that a reasonably stable market for them did not exist."); *Houston v. Deloach & Deloach*, 378 S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("Where there are conflicts in the evidence over a factual issue, the findings of the [A]ppellate [P]anel are conclusive.").[2]

2. We hold the Appellate Panel did not err in finding Dalton was not totally and permanently disabled pursuant to section 42-9-30(21) and assigning disability ratings of 25% to his right shoulder and cervical and lumbar spine. *See* § 42-9-30(21) (explaining that "in cases where there is fifty percent or more loss of use of the back the injured employee shall be presumed to have suffered total and permanent disability"); *Fishburne*, 384 S.C. at 86, 681 S.E.2d at 600 ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); *Houston*, 378 S.C. at 551, 663 S.E.2d at 89 ("Where there are conflicts in the evidence over a factual issue, the findings of the [A]ppellate [P]anel are conclusive.").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[2] We note the similarity of *Coleman*'s test with the analysis set forth in *Peoples v. Cone Mills Corp.*, 342 S.E.2d 798, 807 (N.C. 1986), which stated that "an injured employee's earning capacity must be measured not by the largesse of a particular employer, but rather by the employee's own ability to compete in the labor market."

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.