**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frederick Nelson, Employee, Respondent,

v.

City of North Charleston, Employer and Carrier, Appellant.

Appellate Case No. 2020-000723

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2023-UP-259
Heard April 11, 2023 – Filed July 12, 2023

———————

**AFFIRMED**

———————

Johnnie W. Baxley, III, of Willson Jones Carter & Baxley, P.A., of North Charleston, for Appellant.

James K. Holmes and Malcolm M. Crosland, Jr., both of The Steinberg Law Firm, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** The City of North Charleston (the City) appeals the appellate panel's order that affirmed the single commissioner's finding that Frederick Nelson was permanently and totally disabled in a work-related accident. The City asserts the appellate panel erred in (1) failing to provide detailed explanations as to how it

came to a determination of permanent and total disability, (2) relying on an incorrect legal standard when determining permanent and total disability, (3) directly misquoting an expert evaluation in the record and relying on that misquote to make a determination of permanent and total disability, and (4) making a credibility finding that is not backed by the evidence in the record. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The appellate panel adequately explained its determination that Nelson was permanently and totally disabled, and substantial evidence in the record supported that finding. *See* S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2022) (providing courts may reverse or modify an agency's decision if "the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 456, 562 S.E.2d 679, 681 (Ct. App. 2002) ("A court 'may not substitute its judgment for that of any agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.'" (quoting *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 339, 513 S.E.2d 843, 845 (1999))); *id.* at 456, 562 S.E.2d at 681-82 ("Substantial evidence is 'not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action.'" (quoting *Miller v. State Roofing Co.*, 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994))).

2. The appellate panel applied the proper legal standard. In concluding Nelson was totally disabled, the appellate panel did not solely rely on Nelson's inability to return to his previous job. The appellate panel also relied on Nelson's advanced age, limited or lesser education, lack of transferable skills, medical impairment ratings, complaints of pain, and expert vocational opinions. *See Wynn v. Peoples Nat. Gas Co. of S.C.*, 238 S.C. 1, 11, 118 S.E.2d 812, 817 (1961) ("Total disability does not require complete helplessness. Inability to perform common labor is totally disabling for one who is not qualified by training or experience for any other employment.").

3. The appellate panel was permitted to rely on a profile an expert stated was inapplicable. Unlike the expert, the appellate panel found Nelson's testimony credible. *See Walsh v. U.S. Rubber Co.*, 238 S.C. 411, 416, 120 S.E.2d 685, 688 (1961) ("When there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of fact of the [appellate panel], as triers of fact, are

conclusive."); *Frampton v. S.C. Dep't of Nat. Res.*, 432 S.C. 247, 257, 851 S.E.2d 714, 719 (Ct. App. 2020) ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the appellate panel. Where there are conflicts in the evidence over a factual issue, the findings of the appellate panel are conclusive.") (quoting *Houston v. Deloach & Deloach*, 378 S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008))); *Thomas v. 5 Star Transp.*, 412 S.C. 1, 9, 770 S.E.2d 183, 187 (Ct. App. 2015) ("[I]t is not for this court to balance objective against subjective findings of medical witnesses, or to weigh the testimony of one witness against that of another. That function belongs to the [a]ppellate [p]anel alone." (first alteration in original) (quoting *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 24, 716 S.E.2d 123, 127 (Ct. App. 2011))).

4. The record contained substantial evidence that supported the appellate panel's finding that Nelson's testimony was credible. *See Houston*, 378 S.C. at 551, 663 S.E.2d at 89 ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the appellate panel.").

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**