**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennie Cox, Employee, Appellant,

v.

Palmetto State Transportation, Employer, and Cherokee Insurance Company, Carrier, Respondents.

Appellate Case No. 2019-001936

———

Appeal From The Workers' Compensation Commission

———

Unpublished Opinion No. 2024-UP-193
Heard January 23, 2024 – Filed May 29, 2024

———

**AFFIRMED**

———

Juliette B. Mims and Henry Jerome Mims, both of The Mims Law Firm, of Greer; and Adrianne LaVonne Turner, of Turner Law, LLC, of Travelers Rest, all for Appellant.

George D. Gallagher, of Speed, Seta, Martin, Trivett & Stubley, LLC, of Columbia, for Respondents.

———

**PER CURIAM:** Jennie Cox appeals an order from the appellate panel of the South Carolina Workers' Compensation Commission (the Appellate Panel). Cox argues the Appellate Panel erred in (1) failing to consider and assign appropriate

weight to all of the evidence in determining the extent of her injuries, and (2) finding she was not entitled to permanent and total disability benefits. We affirm pursuant to Rule 220(b), SCACR.

1. The Appellate Panel did not err in failing to consider and assign appropriate weight to all of the evidence in determining the extent of Cox's injuries. As the Appellate Panel acted within its discretion in limiting the scope of its remand, the single commissioner did not err in refusing to consider additional evidence prepared after the original hearing in this case. *See* S.C. Code Ann. Regs. 67-707(A) (2012) ("When additional evidence is necessary for the completion of the record in a case on review the Commission may, in its discretion, order such evidence taken before a Commissioner."); S.C. Code Ann. Regs. 67-707(C) (2012) (stating a party seeking to introduce new evidence "must establish the new evidence is of the same nature and character required for granting a new trial and show: (1) [t]he evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and (2) [t]he evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery").

2. The Appellate Panel did not err in finding Cox was not entitled to permanent and total disability benefits. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission."); *id.* at 289, 599 S.E.2d at 610-11 (stating an appellate court's "review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law"); *id.* at 289, 599 S.E.2d at 611 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *Crosby v. Wal-Mart Store, Inc.*, 330 S.C. 489, 496, 499 S.E.2d 253, 257 (Ct. App. 1998) ("The burden is on the claimant to prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 86, 681 S.E.2d 595, 600 (Ct. App. 2009) ("The extent of an injured workman's disability is a question of fact for determination by the Appellate Panel and will not be reversed if it is supported by competent evidence."); *Houston v. Deloach & Deloach*, 378

S.C. 543, 551, 663 S.E.2d 85, 89 (Ct. App. 2008) ("The final determination of witness credibility and the weight assigned to the evidence is reserved to the [A]ppellate [P]anel."); *Hargrove*, 360 S.C. at 290, 599 S.E.2d at 611 ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); S.C. Code Ann. § 42-1-160(E) (2015) ("In medically complex cases, an employee shall establish by medical evidence that the injury arose in the course of employment."); *id.* (defining "medically complex cases" as "sophisticated cases requiring highly scientific procedures or techniques for diagnosis or treatment excluding MRIs, CAT scans, x-rays, or other similar diagnostic techniques"); S.C. Code Ann. § 42-1-160(G) (2015) ("'[M]edical evidence' means expert opinion or testimony stated to a reasonable degree of medical certainty, documents, records, or other material that is offered by a licensed health care provider."); *Fishburne*, 384 S.C. at 87-88, 681 S.E.2d at 600-01 (finding substantial evidence supported denial of permanent and total disability benefits because claimant's treating physician, functional capacity evaluation, and another doctor opined she could return to work; although a doctor and vocational evaluator opined claimant was permanently and totally disabled, the single commissioner gave these opinions less weight; and claimant's objective medical evidence did not support her claim that she was permanently and totally disabled).

**AFFIRMED.**

**MCDONALD and HEWITT, JJ., and LOCKEMY, A.J., concur.**